IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JENAM TECH, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>    Defendant. | § § § § § § § § § § § | CIVIL ACTION No. 6:20-cv-00453-ADA<br><br>JURY TRIAL DEMANDED |

**[PROPOSED] AMENDED SCHEDULE**

IT IS HEREBY ORDERED that the above captioned case is set for the following schedule:

| Deadline | Item |
|---|---|
| February 16, 2021 | Deadline for Plaintiff to file its Answer to Motion to Transfer. |
| March 18, 2021 | Deadline for Defendant to file its reply to Plaintiff's answer to the Motion to Transfer. |
| March 19, 2021 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s), and (3) summary, annual sales information for the accused product(s) for the two years preceding the filing of the Complaint, unless the parties agree to some other timeframe. |
| April 2, 2021 | Parties exchange claim terms for construction. |
| April 16, 2021 | Parties exchange proposed claim constructions. |

1

| | |
|---|---|
| April 23, 2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[1] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| April 30, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| May 7, 2021 | Plaintiff files Opening Claim Construction brief, including any arguments that any claim terms are not indefinite. |
| May 28, 2021 | Defendant files Responsive Claim Construction brief. |
| June 11, 2021 | Plaintiff files Reply Claim Construction brief. |
| June 25, 2021 | Defendant files a Sur-Reply Claim Construction brief. |
| June 28, 2021 | Parties submit Joint Claim Construction Statement. *See* General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| July 2, 2021 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[2] |
| July 9, 2021 (or as soon therein as practicable) | *Markman* Hearing at [9:00 a.m. or 1:30 p.m.]. |
| To be set after receipt of *Markman* hearing date.<br><br>1 week after *Markman* hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| To be set after receipt of *Markman* hearing date.<br><br>6 weeks after *Markman* hearing | Deadline to add parties. |

---

[1] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.
[2] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| | |
|---|---|
| To be set after receipt of *Markman* hearing date.<br><br>8 weeks after *Markman* hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| To be set after receipt of *Markman* hearing date.<br><br>16 weeks after *Markman* hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| To be set after receipt of *Markman* hearing date.<br><br>26 weeks after *Markman* hearing | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| To be set after receipt of *Markman* hearing date.<br><br>30 weeks after *Markman* hearing | Close of Fact Discovery. |
| To be set after receipt of *Markman* hearing date.<br><br>31 weeks after *Markman* hearing | Opening Expert Reports. |
| To be set after receipt of *Markman* hearing date.<br><br>35 weeks after *Markman* hearing | Rebuttal Expert Reports. |

| | |
|---|---|
| To be set after receipt of *Markman* hearing date.<br><br>38 weeks after *Markman* hearing | Close of Expert Discovery. |
| To be set after receipt of *Markman* hearing date.<br><br>39 weeks after *Markman* hearing | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits.  To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side.  The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| To be set after receipt of *Markman* hearing date.<br><br>40 weeks after *Markman* hearing | Dispositive motion deadline and *Daubert* motion deadline.  See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| To be set after receipt of *Markman* hearing date.<br><br>42 weeks after *Markman* hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
| To be set after receipt of *Markman* hearing date.<br><br>44 weeks after *Markman* hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| To be set after receipt of *Markman* hearing date.<br><br>45 weeks after *Markman* hearing | Serve objections to rebuttal disclosures and file motions *in limine*. |

| | |
|---|---|
| To be set after receipt of *Markman* hearing date.<br><br>46 weeks after *Markman* hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| To be set after receipt of *Markman* hearing date.<br><br>47 weeks after *Markman* hearing | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| To be set after receipt of pretrial conference date<br><br>3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| To be set at *Markman* hearing.<br><br>49 weeks after *Markman* hearing (or as soon as practicable) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| To be set at *Markman* hearing.<br><br>52 weeks after *Markman* hearing (or as soon as practicable) | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing.[3] |

---

[3] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

5

IT IS SO ORDERED this _____ day of _____, 2021.

_____
ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE