UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **JENAM TECH, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **GOOGLE LLC**, <br><br> Defendant. | Civil Action No.: 6:20-cv-00453-ADA <br><br> **JURY TRIAL DEMANDED** <br><br> **PATENT CASE** |

## [PROPOSED] SCHEDULING ORDER

Before the Court is the parties' Joint Status Report and Proposed Case Schedule. Having considered the parties' papers, the Court finds that the Proposed Case Schedule below should be GRANTED:

| **Deadline** | **Item** |
|---|---|
| September 10, 2021 | Defendant serves preliminary[1] invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

1718544

| | |
|---|---|
| September 24, 2021 | Parties exchange claim terms for construction.[2] |
| October 8, 2021 | Parties exchange proposed claim constructions. |
| October 13, 2021 | Plaintiff narrows the number of asserted claims for all of the asserted patents in this action and the related 271 Action to a total of no more than 50 claims. |
| October 15, 2021 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[3] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| October 22, 2021 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| November 5, 2021 | Defendant files Opening claim construction brief, including any arguments that any claim terms are not indefinite. |
| December 1, 2021 | Plaintiff files Responsive claim construction brief. |
| December 15, 2021 | Defendant files Reply claim construction brief. |
| January 4, 2022 | Plaintiff files a Sur-Reply claim construction brief. |
| January 7, 2022 | Parties submit Joint Claim Construction Statement. *See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| January 10, 2022 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed).[4] |

---

[2] The Court shall conduct a single claim construction hearing for this action and related Case No. 6-21-cv-00271 ("the 271 Action"). Accordingly, on the dates specified in this order and in the coordinated scheduling order for the 271 Action, the parties shall exchange terms for construction, proposed claim constructions, and extrinsic evidence jointly for both actions. Likewise, the parties shall file a single opening, responsive, reply and sur-reply claim construction brief for both actions.

[3] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[4] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

1718544

| January 20, 2022 (or as soon thereafter as practicable) | Markman Hearing at [9:00 a.m. or 1:00 p.m.] |
|---|---|
| To be set after receipt of Markman hearing date.<br><br>1 business day after Markman hearing | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a).[5] |
| To be set after receipt of Markman hearing date.<br><br>6 weeks after Markman hearing | Deadline to add parties. |
| To be set after receipt of Markman hearing date.<br><br>8 weeks after Markman hearing | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions. This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| To be set after receipt of Markman hearing date.<br><br>16 weeks after Markman hearing | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |
| To be set after receipt of Markman hearing date.<br><br>26 weeks after Markman hearing | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |

---

[5] The parties shall conduct discovery jointly in this action and the 271 Action, and the limitations on discovery set forth in the Order Governing Proceedings shall apply to both actions as if they were a single action.

1718544

| | |
|---|---|
| To be set after receipt of Markman hearing date.<br><br>30 weeks after Markman hearing | Close of Fact Discovery. |
| To be set after receipt of Markman hearing date.<br><br>31 weeks after Markman hearing | Opening Expert Reports. |
| To be set after receipt of Markman hearing date.<br><br>35 weeks after Markman hearing | Rebuttal Expert Reports. |
| To be set after receipt of Markman hearing date.<br><br>38 weeks after Markman hearing | Close of Expert Discovery. |
| To be set after receipt of Markman hearing date.<br><br>39 weeks after Markman hearing | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| To be set after receipt of Markman hearing date.<br><br>40 weeks after Markman hearing | Dispositive motion deadline and *Daubert* motion deadline.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |

| To be set after receipt of Markman hearing date.<br><br>42 weeks after Markman hearing | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, discovery and deposition designations). |
|---|---|
| To be set after receipt of Markman hearing date.<br><br>44 weeks after Markman hearing | Serve objections to pretrial disclosures/rebuttal disclosures. |
| To be set after receipt of Markman hearing date.<br><br>45 weeks after Markman hearing | Serve objections to rebuttal disclosures and File Motions *in limine*. |
| To be set after receipt of Markman hearing date.<br><br>46 weeks after Markman hearing | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine* |
| To be set after receipt of Markman hearing date.<br><br>47 weeks after Markman hearing | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| To be set after receipt of pretrial conference date<br><br>3 business days before Final Pretrial Conference. | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |

1718544

| | |
|---|---|
| To be set at Markman hearing.<br><br>49 weeks after Markman hearing (or as soon as practicable) | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| To be set at Markman hearing.<br><br>52 weeks after Markman hearing (or as soon as practicable) | Jury Selection/Trial. The Court expects to set these dates at the conclusion of the *Markman* Hearing. |

SIGNED this day of _____, 20\_\_\_\_.


_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

1718544