KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
MATTHEW M. WERDEGAR - # 200470
mwerdegar@keker.com
RYAN K. WONG - # 267189
rwong@keker.com
EDWARD A. BAYLEY - # 267532
ebayley@keker.com
ANJALI SRINIVASAN - # 304413
asrinivasan@keker.com
JASON GEORGE - # 307707
jgeorge@keker.com
KATIE LYNN JOYCE - # 308263
kjoyce@keker.com
RYLEE KERCHER OLM - # 318550
rolm@keker.com
KRISTIN HUCEK - # 321853
khucek@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JENAM TECH, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>           Defendant. | Case No. 4:21-cv-07994-JST<br><br>**GOOGLE LLC'S RENEWED NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT THE PATENT TRIAL AND APPEAL BOARD**<br><br>Date:       March 17, 2022<br>Time:      2:00 p.m.<br>Dept.:     Courtroom 6 – 2nd Floor<br>Judge:    Honorable Jon S. Tigar<br><br>Date Filed:       June 1, 2020<br>Date Transferred:  October 13, 2021<br>Trial Date:      None Set |

1761482

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND ...................................................................................................2

III.   LEGAL STANDARD...........................................................................................5

IV.   THE COURT SHOULD STAY THIS LITIGATION PENDING RESOLUTION
OF THE PTAB PROCEEDINGS .........................................................................6

    A.    Discovery has not started, and no trial date is set. ...................................6

    B.    A stay will simplify the litigation. ..........................................................7

         1.    The PTAB's invalidation of all asserted claims of the '995 patent
makes it likely that remaining challenged claims will be
invalidated....................................................................................8

         2.    The PTAB's institution decisions suggest that the PTAB will
invalidate *all* asserted claims of the instituted patents and institute
the remaining pending petition. ...................................................9

         3.    The PTAB's statistics suggest that many additional claims will be
held to be unpatentable. .............................................................11

         4.    The litigation would *still* be simplified even if some or all of the
challenged claims are held to be patentable...............................11

    C.    Jenam will not be unduly prejudiced by a stay....................................14

         1.    Timing of IPR Requests...............................................................14

         2.    Timing of Stay Motion.................................................................15

         3.    Status of PTAB Proceedings........................................................16

         4.    Relationship of the Parties ..........................................................16

V.    CONCLUSION...................................................................................................17

1761482

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*In re Cygnus Telecomms. Tech., LLC Patent Litig.*,
    385 F. Supp. 2d 1022 (N.D. Cal. 2005) ..................................................6

*Cypress Semiconductor Corp. v. GSI Tech. Inc.*,
    No. 13-cv-02013-JST, 2014 WL 5021100 (N.D. Cal. Oct. 7, 2014).......................................14

*Droplets, Inc. v. Yahoo! Inc.*,
    No. 12-cv-03733-JST, 2013 WL 5116002 (N.D. Cal. Sept. 13, 2013) ..............................7, 12

*Ethicon, Inc. v. Quigg*,
    849 F.2d 1422 (Fed. Cir. 1988)................................................................5

*Evolutionary Intel., LLC v. Millenial Media, Inc.*,
    No. 5:13-CV-04206-EJD, 2014 WL 2738501 (N.D. Cal. June 11, 2014).......................12, 13

*Evolutionary Intel., LLC v. Sprint Nextel Corp.*,
    No. 13-cv-4513-RMW, 2014 WL 819277 (N.D. Cal. Feb. 28, 2014)................................14, 16

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
    721 F.3d 1330 (Fed. Cir. 2013)................................................................8

*Murata Mach. USA v. Daifuku Co.*,
    830 F.3d 1357 (Fed. Cir. 2016)................................................................6

*PersonalWeb Techs., LLC v. Apple Inc.*,
    69 F. Supp. 3d 1022 (N.D. Cal. 2014) ..........................................6, 7, 12

*Symantec Corp. v. Zscaler, Inc.*,
    No. 17-cv-04426-JST, 2018 WL 3539267 (N.D. Cal. July 23, 2018)................11, 14, 15, 16

*Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*,
    No. 18-cv-06737-JST, 2019 WL 1905161 (N.D. Cal. Apr. 29, 2019) .......................... *passim*

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
    943 F. Supp. 2d 1028 (C.D. Cal. 2013) ................................................6

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014)................................................15, 16

*Wireless Recognition Techs. v. A9.com Inc.*,
    No. 5:12-cv-01217-EJD, 2012 WL 4005459 (N.D. Cal. Sept. 11, 2012).......................7, 13

*Zomm, LLC v. Apple Inc.*,
    391 F. Supp. 3d 946 (N.D. Cal. 2019) ..............................................6, 14

ii

GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER
PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

1761482

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Federal Statutes**

35 U.S.C. § 112 ..................................................................................................10

35 U.S.C. § 311(b) .............................................................................................10

35 U.S.C. § 314(b) .........................................................................................4, 16

35 U.S.C. § 315(e)(2) .........................................................................................12

35 U.S.C. § 316(a)(11) .........................................................................................4

**Rules**

Fed. R. Civ. P. 42(a) ............................................................................................5

**Regulations**

37 C.F.R. § 42.100(b) ........................................................................................13

GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER
PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

1761482

1

## NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT

2   TO ALL PARTIES AND COUNSEL OF RECORD:

3           PLEASE TAKE NOTICE that on March 17, 2022, at 2:00 p.m., or as soon thereafter as

4   this matter can be heard, in the courtroom of the Honorable Jon S. Tigar, located at 1301 Clay

5   Street, Oakland, California 94612, Defendant Google LLC moves this Court for an order to stay

6   proceedings pending final resolution of the Patent Trial and Appeal Board's patentability

7   proceedings of all challenged patents, including the completion of any appeals from such

8   proceedings.

9           This motion is brought on the grounds that this case is still in its earliest stages, a stay

10  would simplify the issues in question and trial of the case, and no party would be prejudiced by a

11  stay. This motion is based on this Notice of Motion and Motion, the following Memorandum of

12  Points and Authorities, the Declaration of Rylee Kercher Olm in Support of Google's Motion and

13  accompanying exhibits, all filings, records, and orders in this action, oral argument, and such

14  additional matters as may come before the Court prior to or at the hearing on this matter.

15  //

16  //

17

18

19

20

21

22

23

24

25

26

27

28

1761482

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendant Google LLC ("Google") respectfully requests that the Court stay the above-captioned-action pending final resolution of *inter partes* review ("IPR") and post grant review ("PGR") proceedings at the Patent Trial and Appeal Board ("PTAB"). This case involves nine closely related patents. The PTAB has already invalidated ***every*** asserted claim of one patent-in-suit in a final written decision, and it has granted institution of IPR petitions challenging five additional patents. A PGR petition is also pending as to a seventh patent, with an institution deadline of June 15, 2022.

There is a high likelihood that the pending petitions—like the already resolved IPR—will result in adverse judgments against Jenam and that all of the challenged claims will be deemed unpatentable, if not disclaimed by Jenam. This is because all of the patents-in-suit share substantially the same specification, claim priority to the same original application, and are subject to terminal disclaimers. Indeed, Plaintiff Jenam Tech, LLC ("Jenam") itself has conceded in the IPR proceedings that "***substantial overlap*** . . . exists" because the patents "cover the same subject matter and include overlapping claim limitations."[1] And Jenam's infringement contentions for all nine patents-in-suit accuse the same functionality—Google's QUIC Internet transport protocol—and rely on the same draft QUIC specification excerpts to support Jenam's assertions of infringement. Staying this litigation until the pending petitions are resolved will substantially narrow the issues (and patents) before this Court and will avoid the possibility of inconsistent rulings in the PTAB and district court proceedings.

The procedural posture of this litigation also strongly counsels in favor of a stay. This case is still in the earliest stage of litigation, with initial disclosures and Northern District of California-compliant infringement and invalidity contentions yet to be exchanged,[2] claim

---

[1] Declaration of Rylee Kercher Olm in Support of Google LLC's Renewed Motion to Stay Proceedings ("Olm Decl.") Ex. 1 at 8-9, IPR2021-00868, Paper 7 (Aug. 13, 2021) ("'026-2 POPR") (emphasis in original).

[2] Although the parties exchanged contentions while the litigation was pending in the Western District of Texas, Google anticipates that the parties will need to serve revised contentions to comply with the Northern District of California's local patent rules.

1

GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

1761482

construction and general fact discovery yet to begin, and no trial date set. At the earliest, trial could be set for some time in 2023—well *after* the PTAB will have issued additional final written decisions for all of the instituted IPRs and possibly even a decision for the yet-to-be-instituted PGR petition. A stay will thus conserve judicial resources and save the parties and the Court from engaging in work that will likely prove unnecessary. Furthermore, as a non-practicing entity that is only seeking monetary relief, Jenam will suffer no undue prejudice from a stay.

For these reasons, as explained in detail below, Google moves to stay this case pending final resolution of the PTAB's patentability proceedings of all challenged patents, including the competition of any appeals from such proceedings.

## II.   BACKGROUND

This case is part of a series of lawsuits that Jenam has filed related to Google's QUIC (Quick UDP Internet Connections) protocol. On April 3, 2019, Jenam filed actions in the Eastern District of Texas against LG Electronics (E.D. Tex. Case No. 4:19-cv-00249) and Samsung Electronics (E.D. Tex. Case No. 4:19-cv-00250), alleging that their use of Google Chrome (which in turn uses QUIC) infringed U.S. Patent Nos. 9,923,995 ("the '995 patent") and 9,923,996 ("the '996 patent"). Jenam submitted its asserted claims and infringement contentions in December 2019; thereafter, in April 2020, Google and LG Electronics filed an IPR petition challenging all asserted claims of the '995 patent.[3] These lawsuits against LG Electronics and Samsung Electronics have since been dismissed.

On June 1, 2020, Jenam filed the first of these actions against Google in the Western District of Texas, alleging that Google's QUIC protocol infringes the '995 and '996 patents, and five other related patents: U.S. Patent Nos. 10,069,945 ("the '945 patent"), 10,075,564 ("the '564 patent), 10,075,565 ("the '565 patent"), 10,375,215 ("the '215 patent"), and 10,306,026 ("the '026 patent"). ECF No. 1. On August 11, 2020, Jenam filed an amended complaint alleging that Google's QUIC protocol infringes an additional patent, U.S. Patent No. 10,742,774 ("the '774 patent"). ECF No. 24. Jenam initially asserted over 450 claims across these eight patents. At the

---

[3] Olm Decl. Ex. 2, *Google LLC v. Jenam Tech, LLC*, IPR2020-00845, Paper 1 (April 17, 2020) ("'995 Petition").

GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

initial case management conference in August 2020, the court ordered Jenam to reduce its asserted claims to no more than 65. *See* ECF No. 35. Jenam finally did so on December 4, 2020.[4] Google filed IPR petitions on the '564, '565, and '215 petitions three months later.[5] Soon thereafter, Google also filed IPR petitions on the '945 and '026 patents and a PGR petition on the '774 patent.[6]

Jenam filed a second action against Google in the Western District of Texas on March 17, 2021, alleging that Google's QUIC protocol infringes U.S. Patent No. 10,951,742 ("the '742 patent"), which is also related to the patents in the first action. *Jenam Tech, LLC v. Google LLC*, N.D. Cal. Case No. 4:21-cv-09318-JST ("*Jenam II*"), ECF No. 1. The '742 patent, which issued on March 16, 2021, shares substantially the same specification as the patents in the first action. *Id.* at 3. Jenam asserted 50 claims from the '742 patent against Google on July 2, 2021. Olm Decl. Ex. 33. On July 27, 2021, Jenam reduced its asserted claims from the '742 patent to 8. Olm Decl. Ex. 34. Google filed a PGR petition on the '742 patent less than five months after Jenam's revised assertion of claims.[7]

On August 27, 2021, the PTAB issued a final written decision in the IPR proceedings for the '995 patent, determining that all 24 challenged claims that had not been disclaimed—which includes *all* '995 patent claims asserted against Google—are unpatentable over a single prior art

---

[4] Jenam has since disclaimed and dropped other claims, reducing the asserted claims to 59.

[5] Olm Decl. Ex. 3, *Google LLC v. Jenam Tech, LLC*, IPR2021-00628, Paper 1 (March 15, 2021) ("'564-1 Petition"); Olm Decl. Ex. 4, *Google LLC v. Jenam Tech, LLC*, IPR2021-00629, Paper 1 (March 15, 2021) ("'564-2 Petition"); Olm Decl. Ex. 5, *Google LLC v. Jenam Tech, LLC*, IPR2021-00630, Paper 1 (March 15, 2021) ("'565 Petition"); Olm Decl. Ex. 6, *Google LLC v. Jenam Tech, LLC*, IPR2021-00627, Paper 1 (March 15, 2021) ("'215 Petition").

[6] Olm Decl. Ex. 7, *Google LLC v. Jenam Tech, LLC*, IPR2021-00869, Paper 1 (April 29, 2021) ("'945-1 Petition"); Olm Decl. Ex. 8, *Google LLC v. Jenam Tech, LLC*, IPR2021-00870, Paper 1 (April 29, 2021) ("'945-2 Petition"); Olm Decl. Ex. 9, *Google LLC v. Jenam Tech, LLC*, IPR2021-00867, Paper 1 (April 29, 2021) ("'026-1 Petition"); Olm Decl. Ex. 10, *Google LLC v. Jenam Tech, LLC*, IPR2021-00868, Paper 1 (April 29, 2021) ("'026-2 Petition"); Olm Decl. Ex. 11, *Google LLC v. Jenam Tech, LLC*, PGR2021-00082, Paper 1 (May 10, 2021) ("'774 Petition").

[7] Olm Decl. Ex. 35, *Google LLC v. Jenam Tech, LLC*, PGR2022-00013, Paper 1 (Dec. 15, 2021) ("'774 PGR Petition).

reference that disclosed all of the idle timer and connection-setup features of the '995 claims.[8] Despite the PTAB's invalidation of all asserted claims of the '995 patent, Jenam has refused to drop these claims from this litigation. Olm Decl. Ex. 13. Instead, on September 27, 2021, Jenam sought rehearing from the PTAB—which was denied—and now seeks an appeal of the final written decision from the Federal Circuit.[9] The invalidated '995 patent is one of the earliest of the nine related asserted patents,[10] and the '995 patent's application is a parent application for six of the other eight patents-in-suit, including four that are subject to pending review petitions (the '945, '564, '215, '026, and '742 patents).

In September 2021, the PTAB instituted IPRs covering every asserted claim of the '564, '565, and '215 patents.[11] Final written decisions from the PTAB for these instituted IPRs are due by September 20, 2022. 35 U.S.C. § 316(a)(11). In November 2021, the PTAB instituted IPRs covering every asserted claim of the '945 and '026 patents.[12] Final written decisions from the PTAB for these instituted IPRs are due by November 9, 2022. 35 U.S.C. § 316(a)(11). Given this successful track record, Google is confident that the PTAB will also institute the pending PGR covering all asserted claims of the '742 patent. The institution decision for the PGR is due by June 15, 2022. 35 U.S.C. § 314(b). If instituted, a final written decision on the PGR will be due by June 15, 2023. 35 U.S.C. § 316(a)(11). The only petition that the PTAB declined to institute

---

[8] Olm Decl. Ex. 12, *Google LLC v. Jenam Tech, LLC*, IPR2020-00845, Paper 33 (Aug. 27, 2021) ("'995 Decision").

[9] Olm Decl. Ex. 30, *Google LLC v. Jenam Tech, LLC*, IPR2020-00845, Paper 34 (Sept. 27, 2021) ("'995 Petition for Rehearing"); Olm Decl. Ex. 31, *Google LLC v. Jenam Tech, LLC*, IPR2020-00845, Paper 35 (Oct. 14, 2021) ("'995 Denial of Rehearing"); Olm Decl. Ex. 32 *Google LLC v. Jenam Tech, LLC*, IPR2020-00845, Paper 36 (Oct. 22, 2021) ("'995 Notice of Appeal").

[10] The '996 patent issued the same day as the '995 patent.

[11] Olm Decl. Ex. 14, *Google LLC v. Jenam Tech, LLC*, IPR2021-00628, Paper 11 (Sept. 20, 2021) ("'564-1 Institution"); Olm Decl. Ex. 15, *Google LLC v. Jenam Tech, LLC*, IPR2021-00629, Paper 11 (Sept. 20, 2021) ("'564-2 Institution"); Olm Decl. Ex. 16, *Google LLC v. Jenam Tech, LLC*, IPR2021-00630, Paper 10 (Sept. 20, 2021) ("'565 Institution"); Olm Decl. Ex. 17, *Google LLC v. Jenam Tech, LLC*, IPR2021-00627, Paper 10 (Sept. 20, 2021) ("'215 Institution").

[12] Olm Decl. Ex. 36, *Google LLC v. Jenam Tech, LLC*, IPR2021-00867, Paper 11 (Nov. 9, 2021) ("'026-1 Institution"); Olm Decl. Ex. 37, *Google LLC v. Jenam Tech, LLC*, IPR2021-00868, Paper 11 (Nov. 9, 2021) ("'026-2 Institution"); Olm Decl. Ex. 38, *Google LLC v. Jenam Tech, LLC*, IPR2021-00869, Paper 11 (Nov. 9, 2021) ("'945-1 Institution"); Olm Decl. Ex. 39, *Google LLC v. Jenam Tech, LLC*, IPR2021-00870, Paper 11 (Nov. 9, 2021) ("'945-2 Institution").

relating to this case was as to the '774 patent, and that was *only* because Jenam disclaimed the sole patent claim challenged in that PGR proceeding prior to the institution deadline.[13] Each of the foregoing proceedings has been assigned to the same panel of Administrative Patent Judges.

The status of the PTAB's proceedings on the patents-in-suit is summarized below:

| Patent | Petition Filing Date | Institution Status | PTAB Determination |
|---|---|---|---|
| '995 Patent | IPR filed on 4/17/2020 | All claims instituted | **All claims determined unpatentable** |
| '215 Patent | IPR filed on 3/15/2021 | All claims instituted | TBD by 9/20/2022 |
| '564 Patent | IPRs filed on 3/15/2021 | All claims instituted | TBD by 9/20/2022 |
| '565 Patent | IPR filed on 3/15/2021 | All claims instituted | TBD by 9/20/2022 |
| '026 Patent | IPRs filed on 4/29/2021 | All claims instituted | TBD by 11/9/2022 |
| '945 Patent | IPRs filed on 4/29/2021 | All claims instituted | TBD by 11/9/2022 |
| '774 Patent | PGR filed on 5/10/2021 | Institution denied because Jenam disclaimed the challenged claim | |
| '742 Patent | PGR filed on 12/15/2021 | TBD by 6/15/2022 | TBD by 6/15/2023 (if instituted) |

Collectively, the instituted and pending petitions listed above cover all of the still-asserted claims for seven of the nine patents-in-suit.

On January 7, 2022, this Court consolidated the two actions brought by Jenam against Google pursuant to Federal Rule of Civil Procedure 42(a), due to the substantial overlap between the two cases. ECF No. 119.

## III.   LEGAL STANDARD

This Court has the inherent power to manage its own docket, including the power to stay litigation pending the resolution of the PTAB proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). When considering whether to grant a stay pending PTAB proceedings, courts consider: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay

---

[13] The '774 PGR petition challenged an independent claim on indefiniteness grounds, which—if the PTAB agreed—would have rendered all asserted '774 claims invalid. Olm Decl. Ex. 11. Rather than engage on this issue on the merits, Jenam disclaimed the patent claim.

GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

1761482

1  would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Zomm,*

2  *LLC v. Apple Inc.*, 391 F. Supp. 3d 946, 955-96 (N.D. Cal. 2019); *see also Murata Mach. USA v.*

3  *Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016).

4      "Courts in this district have often recognized a liberal policy in favor of granting motions

5  to stay pending IPR." *Zomm LLC,* at 391 F. Supp. 3d at 956 (citation omitted). A stay is

6  "particularly justified where the outcome of the reexamination would be likely to assist the court

7  in determining patent validity, and if the claims were cancelled in the reexamination, would

8  eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC Patent*

9  *Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705

10  F.2d 1340, 1342 (Fed. Cir. 1983)). "A stay may also be granted in order to avoid inconsistent

11  results, obtain guidance from the PTAB, or avoid needless waste of judicial resources. Indeed, it

12  is not uncommon for this court to grant stays pending reexamination *prior* to the PTO deciding to

13  reexamine the patent." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1027 (N.D.

14  Cal. 2014) (citations omitted). Moreover, "the factors considered often will result in a stay when

15  the PTO institutes review proceedings, given that review is granted only upon a showing of

16  'reasonable likelihood' that the party seeking the review will prevail." *Id.* (quoting 35 U.S.C.

17  § 314(a)).

18  **IV.   THE COURT SHOULD STAY THIS LITIGATION PENDING RESOLUTION OF**
19  **THE PTAB PROCEEDINGS**

20      All three stay factors weigh strongly in favor of staying this litigation until final resolution

21  of the instituted and pending PTAB proceedings on the patents-in-suit.

22      **A.   Discovery has not started, and no trial date is set.**

23      Under the first stay factor, Courts consider the progress already made in the case, such as

24  the completion of discovery, the setting of a trial date, and whether claim construction has

25  occurred. *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031

26  (C.D. Cal. 2013). Here, this litigation has barely gotten underway. Although Jenam filed its initial

27  lawsuit against Google over one year ago, the parties' focus during that time has been on

28  litigating venue issues, and the cases were only recently transferred to the Northern District of

California and consolidated. ECF No. 104; ECF No. 119. Thus, this litigation remains at an early stage. The parties have yet to exchange initial disclosures under Rule 26 or infringement and invalidity contentions in accordance with the Northern District of California's local patent rules. No general fact discovery has taken place.[14] Claim construction has yet to occur. And no trial date has been set. As a result, any anticipated trial date would not be until 2023 (or later)—months **after** the PTAB will have issued final written decisions for the instituted '564, '565, '215, '945 and '026 IPRs **and** the pending, yet-to-be-instituted '742 PGR as well. *See* discussion *supra* at II.

As this litigation is still in its earliest stages, this factor weighs strongly in favor of a stay. *See e.g., Droplets, Inc. v. Yahoo! Inc.*, No. 12-cv-03733-JST, 2013 WL 5116002, at *1 (N.D. Cal. Sept. 13, 2013) (finding factor supported stay where "case ha[d] been pending for two years," but due to case having been "transferred between districts . . . [t]he case schedule [was] not finally set, claim construction ha[d] not begun, and no trial dates [were] set."); *Wireless Recognition Techs. v. A9.com Inc.*, No. 5:12-cv-01217-EJD, 2012 WL 4005459 (N.D. Cal. Sept. 11, 2012) (holding that this factor weighed heavily in favor of a stay where only an exchange of contentions and limited document production had occurred, despite case pending for nearly two years); *Uniloc USA Inc. v. LG Elecs. U.S.A. Inc.*, No. 18-cv-06737-JST, 2019 WL 1905161, at *2-3 (N.D. Cal. Apr. 29, 2019) (finding factor supported stay where very little discovery had occurred and no trial was scheduled, and collecting cases). Furthermore, "the landscape of the litigation could change dramatically in light of any PTAB ruling and the parties should have the benefit of that change" prior to engaging in substantive issues in this litigation. *PersonalWeb Techs.* 69 F. Supp. 3d at 1027.

### B.     A stay will simplify the litigation.

The PTAB proceedings have already simplified the issues the Court and jury will need to consider and resolve, and they will continue to do so.

---

[14] The court stayed all merits discovery until after the *Markman* hearing while the litigation was pending in the Western District of Texas. ECF No. 28 at 2.

GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER
PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

1761482

### 1.     The PTAB's invalidation of all asserted claims of the '995 patent makes it likely that remaining challenged claims will be invalidated.

This is not just a case where the PTAB has only *instituted* IPR petitions for the asserted patents. Rather, all 24 challenged claims of the '995 patent—one of the earliest in the family of the nine patents-in-suit—*have already been found unpatentable* by the PTAB in view of a single prior art reference that is also a primary reference in other pending IPR petitions. A stay in the litigation pending Jenam's appeal to the Federal Circuit of the PTAB's final written decision on the '995 patent will avoid wasting the Court's and the parties' resources on claim construction, non-infringement, invalidity, and damages analyses for that patent, if the PTAB's decision is affirmed, as is likely.[15] *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses any cause of action based on that claim, and any pending litigation in which the claims are asserted becomes moot.")[16]

Moreover, the similarities between the invalidated '995 patent and the remaining asserted patents strongly suggests that the PTAB will invalidate all remaining challenged claims. As noted, all of the patents-in-suit are closely related, claim priority to the same patent application, and share substantially the same specification.[17] Indeed, the patents are so closely related that *all* of the patents-in-suit were initially rejected by the Patent Examiner on double patenting grounds, and were only allowed subject to terminal disclaimers. Olm Decl. Exs. 21-29. Additionally, Jenam itself admits that there are significant similarities between all challenged patents, as it has emphasized "the *substantial overlap* that exists across the various [PTAB] proceedings" and notes that "Google's [pending] petitions challenge related patents that cover the same subject

---

[15] Through April 30, 2021, the Federal Circuit has affirmed the PTAB on every issue in 73.87% of appealed IPRs. Olm Decl. Ex. 43, Federal Circuit PTAB Appeal Statistics Through April 30, 2021, https://www.natlawreview.com/article/federal-circuit-ptab-appeal-statistics-through-april-30-2021#:~:text=In%20IPR%20appeals%2C%20the%20Federal,in%2080%20(9.82%25)%20cases.

[16] Jenam has refused to drop the '995 claims from this litigation, despite the PTAB's invalidation of all asserted claims, forcing the parties and the Court to expend resources on contentions and claim constructions for this patent. Olm Decl. Ex. 13.

[17] The specifications of the patents-in-suit differ insofar as the "Summary" section of each patent repeats each patent's respective claims. The rest of the specification is the same across the patents-in-suit.

8

matter [as the now-invalidated '995 patent] and include overlapping claim limitations."[18] Olm Decl. Ex. 1 at 8-9, '026-2 POPR (emphasis in original).

The PTAB's final written decision for the '995 IPR further suggests that the PTAB will invalidate all remaining challenged claims. The PTAB found that all 24 challenged '995 claims—which cover different variations of idle timeout negotiation, connection setup, and connection disconnection—are unpatentable as obvious over the teachings of a single reference: the Eggert prior art.[19] Olm Decl. Ex. 12, '995 Decision at 10.[20] The '564, '215, '026, and '945 patents are closely related to the '995 patent and also cover idle timeout negotiation, connection setup, and connection disconnection techniques, and Google relies on the same Eggert prior art as a primary reference in its challenge to many of the asserted claims in each of those patents. Olm Decl. Exs. 3-4, 6-12; *see also* Olm Decl. Ex. 1, '026-2 POPR at 8-9 (emphasizing the similarity between the patents and Google's petitions). Thus, it is likely that many of the asserted claims of the '564, '215, '026, and '945 patents will be invalidated for the same reasons as the '995 patent.

2.     **The PTAB's institution decisions suggest that the PTAB will invalidate *all* asserted claims of the instituted patents and institute the remaining pending petition.**

The PTAB's institution decisions for the '564, '565, '215, '945, and '026 IPRs strongly suggest that the PTAB will invalidate all asserted claims for those patents. In deciding to institute these IPRs, the PTAB determined there was a "reasonable likelihood" ***all*** asserted claims would

---

[18] The overlap between the patents-in-suit is also made evident by the fact that all asserted claims are being asserted against the same Google functionality—Google's QUIC protocol. For instance, in Jenam's infringement contentions for all nine patents-in-suit, Jenam repeatedly points to (1) the same idle time period and timer described in the QUIC protocol draft specifications; (2) the same mechanisms described in the QUIC protocol draft specifications for creating and closing QUIC connections; and (3) the same mechanisms described in the QUIC protocol draft specification for exchanging transport parameters. *See generally* Olm Decl., Ex. 18 (repeatedly citing Sections 5.2, 7.3, 10.2, and 19.2 of Draft IETF QUIC Transport Specification).

[19] L. Eggert, "TCP Abort Timeout Option," Apr. 14, 2004 ("Eggert").

[20] Specifically, the PTAB concluded that the '995 patent's idle time period and timer, claimed mechanisms for creating and closing connections, and claimed mechanism for exchanging transport parameters ***were all disclosed in the Eggert prior art***, and it was not necessary to combine Eggert with any other prior art references to find all challenged '995 patent claims unpatentable. *Id.*, '995 Decision at 10-38.

1761482

be invalidated by a preponderance of the evidence based on the prior art.[21] Thus, there is a reasonable likelihood that there will be no need to continue to litigate the '564, '565, '215, '945, and '026 patents after the PTAB has issued final written decisions for those IPRs—and those final written decisions will be issued by the PTAB by November 9, 2022, many months prior to any potential trial in this Court.

Finally, the PTAB is likely to institute the pending '742 PGR petition because in its prior IPR rulings, the PTAB already expressed skepticism over the meaning and scope of claim terms being challenged in the PGR under 35 U.S.C. § 112. The '742 PGR asserts, among other things, that asserted claims featuring the term "TCP-variant" are indefinite, and claims featuring the term "non-TCP" lack written description support. The PTAB has already observed in its IPR rulings for the '995 patent that the specification "provides little guidance" as to the meaning of "TCP-variant" and that references to TCP (*e.g.*, what it means when it refers to "the current TCP") are "not entirely clear." Olm Decl. Ex. 44, '995 Institution at 17-18. Google's pending PGR squarely presents those same Section 112 deficiencies to the PTAB, and Google is optimistic that the PTAB will institute the petition and deem all of the asserted '742 claims unpatentable.[22]

---

[21] *See* Olm Decl. Ex. 14, '564-1 Institution at 28 "([W]e determine that Petitioner has established a reasonable likelihood of prevailing in challenging claim 23 as obvious over the combined teachings of Wookey and Eggert."); Olm Decl. Ex. 15, '564-2 Institution at 27 "([W]e determine that Petitioner has established a reasonable likelihood of prevailing in challenging claims 25-27 as obvious over the combined teachings of Wookey and Berg."); Olm Decl. Ex. 16, '565 Institution at 22 ("[W]e determine that the Petition establishes that there is a reasonable likelihood that the Petitioner would prevail in challenging claim 28 of the '565 patent[.]"); Olm Decl. Ex. 17, '215 Institution at 29 ("[T]here is a reasonable likelihood that Petitioner would prevail on its assertion that claims 4, 8, and 9 are unpatentable over Wookey, Eggert, and Abdolbahian."); Olm Decl. Ex. 38, '945-1 Institution at 25 ("[T]here is a reasonable likelihood that Petitioner will prove that claim 1 is unpatentable over Wookey and Berg"); Olm Decl. Ex. 39, '945-2 Institution at 25 ("[T]here is a reasonable likelihood that Petitioner will prove that claim 7 is unpatentable over Wookey and Berg"); Olm Decl. Ex. 36, '026-1 Institution at 18 ("Petitioner has established a reasonable likelihood of prevailing in challenging claim 1 as anticipated by Eggert"); Olm Decl. Ex. 37, '026-2 Institution at 18 ("[W]e determine that Petitioner has established a reasonable likelihood of prevailing in challenging claim 55 as unpatentable.").

[22] These Section 112 challenges could not be raised in the pending IPR petitions because IPR proceedings are limited to patentability challenges based solely on novelty or obviousness grounds "only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b).

GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

1761482

3.      **The PTAB's statistics suggest that many additional claims will be held to be unpatentable.**

The Patent Office's own current statistics confirm the strong likelihood that the PTAB will find the remaining challenged claims unpatentable in a final written decision: Through FY2021, over 75% of instituted IPR and PGR petitions with final written decisions resulted in at least one claim being found unpatentable, and nearly 60% of instituted petitions resulted in all claims being found unpatentable.[23] Additionally, over the past 40 years, the PTAB has granted 92% of reexamination requests, 79% of which have resulted in at least one challenged claim being canceled or changed.[24] These statistics, combined with the "substantial overlap" between the patents-in-suit, and the PTAB's invalidation of all asserted claims of the '995 patent, make it very likely that a substantial number of asserted claims will be invalidated, greatly simplifying issues for trial. *See, e.g.*, *Uniloc USA Inc.*, 2019 WL 1905161, at *3 ("[I]n the event the PTAB cancels or modifies any of the asserted claims in a patent, it would still narrow and simplify the scope of the case involving that patent.") (citation omitted); *Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426-JST, 2018 WL 3539267, at *2 (N.D. Cal. July 23, 2018) ("An IPR need not resolve all claims in order to simplify the Court's consideration of that patent."). Indeed, the Court and the parties would not have to litigate claim construction, validity, or infringement of any claims the PTAB finds unpatentable, and the PTAB's rulings would also materially impact the damages analysis, as the advancement over the prior art necessarily depends on findings of what is already in the prior art, and any claims deemed unpatentable would become non-infringing alternatives.

4.      **The litigation would *still* be simplified even if some or all of the challenged claims are held to be patentable.**

Even in the unlikely event that some or all of the remaining asserted claims survive the PTAB proceedings, that too will simplify the issues before this Court and the fact-finder because

---

[23] *See* Olm Decl. Ex. 19 at 11, PTAB Trial Statics FY21 End of Year Outcome Roundup IPR, PGR, CBM, https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2021__roundup.pdf (last visited January 7, 2022).

[24] Olm Decl. Ex. 20 at 1-2, Patent Office Reexamination Statistics from July 1981 to March 2021, https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_roll_up_21Q1.pdf (last visited January 7, 2022).

1761482

(1) Google will be statutorily estopped from raising certain printed publication and patent prior art for such claims under 35 U.S.C. § 315(e)(2); (2) the outcome may encourage a settlement without further involvement of the Court; (3) issues, defenses, and evidence will be more easily limited; (4) litigation costs will be reduced; and (5) the Court will be able to rely on the additional guidance from the PTAB in assessing the merits of the case, particularly with respect to patent claim validity, priority, and interpretation. *See Evolutionary Intel., LLC v. Millenial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *4 (N.D. Cal. June 11, 2014); *see also Uniloc USA Inc.*, 2019 WL 1905161, at *3 ("[E]ven if the PTAB affirms the validity of every asserted claim, which is highly unlikely given the new higher standard for instituting IPR, these cases would still benefit as such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO.") (citation omitted). Thus, no matter how the PTAB rules, the PTAB proceedings will streamline this case and narrow the issues for the Court.

Moreover, although there are no PTAB proceedings pending on two of the nine patents-in-suit—the '996 and '774 patents—the litigation as to these two patents will still be simplified by the PTAB proceedings. Of the 67 claims asserted by Jenam in this litigation, 41 are subject to various IPR and PGR proceedings instituted by Google. *See* discussion *supra* at II. All nine of the patents are related, share substantially the same specification, and claim priority to the same original patent application. *Id.* Indeed, the Patent Office itself has recognized that all nine patents are closely related—***all*** of the patents-in-suit were initially rejected by the Patent Examiner on double patenting grounds and were only allowed subject to terminal disclaimers. *Id.* Thus, the PTAB's decisions regarding the claims subject to review will "overlap with claims not subject to [] review." *PersonalWeb Techs., LLC,* 69 F. Supp. 3d at 1028. "This overlap will further simplify the issues and trial of this case, thus increasing judicial economy and conserving both the parties' and the Courts' resources." *Id.* (finding that this factor weighed in favor of a stay where 15 of the 34 claims at issue were subject to various *inter partes* review proceedings, and collecting cases); *see also Droplets, Inc.*, 2013 WL 5116002, at *2 (granting stay of both the reexamined and non-reexamined patents-in-suit where there PTAB had recognized that there were "similar claims,"

1761482

concluding that the PTAB's "final decision will alter or simplify the litigation with respect to both asserted patents"); *Wireless Recognition Techs.,* 2012 WL 4005459, at *2-3 (same, noting that "the PTO has already determined that these claims are not patentably distinct").

For example, there are numerous overlapping claim terms between the nine patents-in-suit—including the '996 and '774 patents—because the patents are related and involve the same subject matter. If construing a disputed claim term is necessary to render a decision, the PTAB will need to engage in claim construction, and notably, the PTAB employs "the same claim construction standard that would be used to construe the claim in a civil action." 37 C.F.R. § 42.100(b). And in every IPR Response filed to date, Jenam has disputed Google's interpretation of the challenged claims and the scope and meaning of common terms therein; moreover, where the PTAB has interpreted certain claim terms in the '995 Final Written Decision, Jenam has appealed those interpretations. *See, e.g.*, Olm Decl. Ex. 30 at 1, '995 Petition for Rehearing (disputing the PTAB's interpretation of the "no packet … " limitation); Ex. 40, '215 POPR at 7-22 (disputing the meaning of the "no packet … " limitation); Ex 41, '564-1 POPR at 10-25 (same); Ex. 30 at 1, '995 Petition for Rehearing (disputing the PTAB's interpretation of the term "to keep the TCP-variant connection active"); Ex. 42, '026-1 POPR at 34-49 (disputing the meaning of "to keep the TCP-variant connection active"). Many of those disputed terms are also present in the '996 and '774 asserted claims. For instance, claim 27 of the '996 patent and all asserted claims of the '774 patent include similar "no packet … " limitations, and all asserted claims of the '774 patent include the disputed term "to keep the TCP-variant connection alive." ECF No. 24, Ex. G ('996 patent); *id.*, Ex. O ('774 patent).[25] Thus, allowing the PTAB to adjudicate the validity of the patents subject to review, including engaging in claim construction as necessary, will simplify this litigation even as to the '996 and '774 patents and reduce the possibility of inconsistent results (*e.g.*, conflicting claim constructions) between the PTAB and the Court. *See Millenial Media, Inc.*, 2014 WL 2738501, at *2-3.

---

[25] As explained in Section IV.B.2, the terms "TCP-variant" and "non-TCP" are also disputed in the '742 PGR. *See* Olm Decl., Ex. 35. Every asserted claim of the '774 patent recites at least one of those terms. ECF No. 24, Ex. O ('744 patent).

1761482

Finally, Google's '742 PGR petition also has implications for the other patents-in-suit, including those not currently subject to IPR proceedings. The '742 PGR petition contends, among other things, that asserted claims featuring "non-TCP" limitations lack written description support in each parent application on which Jenam relies for its asserted priority date. Olm Decl. Ex. 34, '742 PGR. That would impact Jenam's priority date assertions for those asserted claims, the scope of qualifying prior art for Google's invalidity contentions, and related fact and expert discovery. In short, "it is of no moment that not all of the asserted claims of the patent are subject to the IPR . . . because even if the IPR proceeding does not result in any cancelled or modified claims, this Court will receive the benefit of the PTAB's expertise and guidance on these claims." *Symantec Corp.*, 2018 WL 3539267, at *2 (cleaned up) (citations omitted). This factor weighs strongly in favor of a stay.

## C.    Jenam will not be unduly prejudiced by a stay.

In weighing the prejudice to the non-moving party, courts consider four sub-factors: "(1) the timing of the IPR petition; (2) the timing of the stay request; (3) the status of review; and (4) the relationship of the parties." *Zomm, LLC*, 391 F. Supp. 3d at 957 (citation omitted). Here, all four subfactors weigh in favor a stay.

### 1.    Timing of IPR Requests

Google has moved quickly. Google filed its first IPR petition prior to Jenam even bringing suit against Google. *See* discussion *supra* at II. In Jenam's first action against Google, after Jenam reduced the number of asserted claims from 450 claims to 65 claims as ordered by the Court, Google filed five IPR petitions and one PGR petition all within five months. *Id.* In the second action, Google filed a PGR petition within five months of Jenam's revised assertion of claims. *Id.* Google's PTAB filings are timely and well within the one-year statutory limit. *See Evolutionary Intel., LLC v. Sprint Nextel Corp.*, No. 13-cv-4513-RMW, 2014 WL 819277, at *4 (N.D. Cal. Feb. 28, 2014) ("[T]he IPR petition[ers] properly filed the petitions within the statutory time frame. . . . [T]he delay was not unreasonable."); *see also Cypress Semiconductor Corp. v. GSI Tech. Inc.*, No. 13-cv-02013-JST, 2014 WL 5021100, at *4 (N.D. Cal. Oct. 7, 2014) ("[W]aiting until after receiving infringement contentions to analyze the claims alleged and then filing

14
GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

1761482

petitions for review does not cause undue prejudice.")

By contrast, Jenam itself has not pursued its patent claims with any sense of urgency. The majority of the patents-in-suit issued in March and September of 2018.[26] The Federal Circuit has noted a delay of "nearly a year" between issuance of a patent and date of the suit "weigh[s] against [patentee's] claims that it will be unduly prejudiced by a stay." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). Jenam delayed two years by waiting until June 2020 to bring its initial lawsuit against Google. ECF No. 1. Moreover, since initiating these actions, Jenam has been dilatory in pressing its clams. For instance, Jenam waited more than three months to narrow its asserted claims after being ordered to do so by the Court, despite only relying on publicly available information that was available to Jenam before filing its complaint. *See* ECF No. 54 at 5; *see also id.* at 2-4 (discussing Jenam's efforts to delay resolution of Google's transfer motion). Therefore, this subfactor weighs in favor of a stay.

## 2.      Timing of Stay Motion

Google filed its initial motion to stay pending PTAB proceedings only seven business days after the PTAB instituted the first round of IPRs on the '564, '565, and '215 patents, which was also just one month after the PTAB issued a final written decision finding that all '995 claims asserted against Google are unpatentable. ECF No. 102; *Jenam II*, ECF No. 29. Google is filing this renewed motion only seven days after the cases were transferred to the Northern District of California and consolidated. ECF No. 119; *see also Uniloc USA Inc.*, 2019 WL 1905161, at *6 (holding that it was reasonable for the defendant to file it stay motion within three weeks of the court's order on consolidation). There is nothing in Google's "conduct suggest[ing] that its decision was tactical." *Id.* (citation omitted). This subfactor therefore weighs in favor of a stay. *See, e.g.*, *Symantec Corp.*, 2018 WL 3539267, at *3 (holding this subfactor weighed in favor of a stay where defendant acted diligently in moving the court for a stay).

---

[26] The '995 and '996 patents issued in March 2018; the '945, '564, and '565 patents issued in September 2018; the '026 patent issued in May 2019; and the '215 patent issued in August 2019. ECF No. 1. The '774 patent, added with Jenam's amended complaint, issued in August 2020. ECF No. 24. The '742 patent issued in March 2021. *Jenam II*, ECF No. 1.

1761482

### 3.    Status of PTAB Proceedings

As discussed above, the PTAB found that all '995 claims asserted against Google are unpatentable and has instituted IPRs on five other patents-in-suit. *See* discussion *supra* at II. Final written decisions from the PTAB for these instituted IPRs are due by September 2022 (for the '564, '565, and '215 patents) and November 2022 (for the '945 and '026 patents). *Id.* Additionally, an institution decision for the '742 PGR is due by June 15, 2022. 35 U.S.C. § 314(b). Therefore, this subfactor weighs in favor of a stay. *See, e.g.*, *Symantec Corp.*, 2018 WL 3539267, at *2-3 (holding this subfactor weighed in favor of a stay where PTAB instituted review for some, but not all of plaintiff's asserted claims).

### 4.    Relationship of the Parties

Jenam is a non-practicing entity and is not a market competitor of Google. "Therefore, [Jenam] will not suffer irreparable harm from [Google's] continued use of the accused technology, and can be fully restored to the *status quo ante* with monetary relief." *Uniloc USA Inc.*, 2019 WL 1905161, at *6 (citation omitted). In fact, Jenam only seeks monetary relief. ECF No. 24; *Jenam II*, ECF No. 1. Thus, Jenam will not be prejudiced by a stay, as "[a] stay will not diminish the monetary damages to which [Jenam] will be entitled if it succeeds in its infringement suit—it only delays realization of those damages[.]" *VirtualAgility Inc.*, 759 F.3d at 1318. Moreover, courts in this district "have long acknowledged that a delay inherent to a stay does not, in and of itself, constitute prejudice." *Uniloc USA Inc.*, 2019 WL 1905161, at *6 (collecting cases) (citation omitted). Therefore, this subfactor weighs in favor of a stay. *See, e.g.*, *id.* (finding this subfactor weighed in favor of a stay where the parties were not competitors and plaintiff did not seek injunctive relief); *Sprint Nextel Corp.*, 2014 WL 819277, at *5 (same).

Moreover, Google will face hardship and inequity if the actions are not stayed. If the district court litigation continues, Google will be forced to conduct discovery on patents where all asserted claims have either been invalidated or where there is a "reasonable likelihood" that all asserted claims will be invalidated. *See* discussion *supra* at IV(B). Additionally, because the PTAB will issue final written decisions on patentability for five of the asserted patents prior to trial in the district court litigation, proceeding in parallel will require Google to expend resources

1761482

1   engaging in burdensome stages of litigation—such as claim construction, fact discovery, expert

2   discovery, dispositive motions, and pretrial and trial preparations—on patents that are likely to be

3   invalidated.

4   **V.      CONCLUSION**

5           The advantages to staying this litigation pending final decisions in the PTAB proceedings

6   are evident. The parties' and the Court's resources in connection with claim construction, fact

7   discovery, expert discovery, dispositive motions, and pretrial and trial preparations will be

8   conserved; the Court will have the benefit of the PTAB's consideration of the claims at issue; and

9   the litigation will be simplified (if not disposed of entirely) through the PTAB's review.

10  Moreover, Jenam will not suffer any undue prejudice or disadvantage as a result of the delay.

11  Because all the relevant factors weigh strongly in favor of staying this case, Google respectfully

12  requests that the Court grant its motion to stay proceedings pending final resolution of the

13  PTAB's patentability proceedings of all challenged patents, including the competition of any

14  appeals from such proceedings.

15

16  Dated: January 17, 2022                          KEKER, VAN NEST & PETERS LLP

17

18                                          By:   */s/ Robert A. Van Nest*
                                                  ROBERT A. VAN NEST
19                                                MATTHEW M. WERDEGAR
                                                  RYAN K. WONG
20                                                EDWARD A. BAYLEY
                                                  ANJALI SRINIVASAN
21                                                JASON GEORGE
                                                  KATIE LYNN JOYCE
22                                                RYLEE KERCHER OLM
                                                  KRISTIN HUCEK
23
                                                  Attorneys for Defendant
24                                                GOOGLE LLC

25

26

27

28

GOOGLE LLC'S RENEWED MTN TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF INTER
PARTES REVIEW AND POST GRANT REVIEW PROCEEDINGS AT PATENT TRIAL AND APPEAL BOARD
Case No. 4:21-cv-07994-JST

1761482