UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENAM TECH, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 21-cv-07994-JST<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Re: ECF No. 121 |

Before the Court is Defendant Google LLC's renewed motion to stay proceedings pending *inter partes* review ("IPR"). ECF No. 121. The Court will grant the motion.

## I.   BACKGROUND

In this patent case, Plaintiff Jenam Tech, LLC, asserts that Google's standard transport layer protocol infringes nine of its patents.[1] ECF No. 126 at 4-5. The Patent Trial and Appeal Board ("PTAB") instituted IPRs covering all asserted claims of six of the patents ('995, '564, '565, '215, '945, and '026). A petition for review of the '742 patent is still pending before the PTAB and a decision of whether to institute the claims will be decided by June 15, 2022. ECF No. 121 at 10. The PTAB declined to institute claims relating the '774 and '996 patents. *Id.*

As of the date of this order, the PTAB has found that all 24 challenged claims of the '995 patent are unpatentable and Jenam has appealed that decision to the Federal Circuit. *Id.* at 13. The PTAB's written decision on three of the patents ('215, '564, '565) will be issued by

---

[1] These patents include U.S. Patent Nos. 10,069,945 ("the '945 patent"), 10,075,564 ("the '564 patent), 10,075,565 ("the '565 patent"), 10,375,215 ("the '215 patent"), 10,306,026 ("the '026 patent"), 10,742,774 ("the '774 patent"), 9,923,995 ("the '995 patent"), 10,951,742 ("the '742 patent") and 9,923,996 ("the '996 patent").

1    September 20, 2022, and a written decision on two other patents ('026, '945) will be issued by

2    November 9, 2022.  *Id.* at 10.

3    Google filed a motion to stay this case pending PTAB proceedings soon after the PTAB

4    instituted the first round of IPRs on the '564, '565, and '215 patents and filed this renewed motion

5    shortly after the cases were transferred to the Northern District of California and consolidated.

6    ECF Nos. 102, 119.

7    **II.     LEGAL STANDARD**

8    "Courts have inherent power to manage their dockets and stay proceedings, including the

9    authority to order a stay pending conclusion of a PTO [Patent and Trademark Office]

10   reexamination."  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal

11   citations omitted).  In determining whether to stay a case pending review by the PTAB, courts

12   consider the following factors: (1) whether discovery in the case is complete and whether a trial

13   date has been set; (2) whether a stay would simplify the issues in question and trial of the case;

14   and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-

15   moving party.  *Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D.

16   Cal. 2005); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d

17   1028, 1030-31 (C.D. Cal. 2013) (applying the framework applicable to motions to stay pending

18   PTO reexamination to motions to stay pending PTAB IPR).  While case law supplies these general

19   considerations, the Court ultimately must decide whether to issue a stay on a case-by-case basis.

20   *Asetek Holdings, Inc. v. Cooler Master Co., Ltd.*, No. 13-cv-00457-JST, 2014 WL 1350813, at *1

21   (N.D. Cal. Apr. 3, 2014).

22   **III.    DISCUSSION**

23       **A.     Stages of the Proceedings**

24   The first factor asks the Court to consider the progress already made in the case, such as

25   the completion of discovery, the setting of a trial date, or whether claim construction has occurred.

26   *Universal Elecs.*, 943 F. Supp. 2d at 1031.

27   Google contends that "this litigation is still in its earliest stages" because neither initial

28   disclosures nor infringement and invalidity contentions have been exchanged, general fact

1  discovery has not taken place, claim construction has not occurred, and the trial date has not been
2  set. ECF No. 121 at 12. Therefore, Google concludes, "this factor weighs strongly in favor of a
3  stay." *Id.* Jenam concedes that "this case is in its early stages," but argues that this factor should
4  be "considered neutral or only weigh slightly in favor of a stay" because the parties have
5  exchanged claim constructions and proposed terms for construction, Jenam has amended its
6  infringement contentions multiple times, and Google has produced over 13,000 pages of technical
7  documentation. ECF No. 126 at 20.

8        The Court has previously found that this factor weighed in favor of a stay in cases where
9  the parties had invested far more resources and moved closer to resolution than is the case here.
10 *See GoPro, Inc. v. C&A Mktg., Inc.*, No. 16-cv-3590-JST, 2017 WL 2591268, at *3 (N.D. Cal.
11 June 15, 2017) (finding case was "in its early stages" despite the fact that parties exchanged
12 infringement and invalidity contentions, made corresponding document productions, exchanged
13 written discovery, made initial claim construction disclosures and, after motion was filed,
14 "provided their respective technology tutorials"); *see also SAGE Electrochromics, Inc. v. View,*
15 *Inc.,* No. 12-CV-06441-JST, 2015 WL 66415, at *2 (N.D. Cal. Jan. 5, 2015) (finding factor
16 supported stay even though parties had "exchanged documents, responded to discovery requests,
17 litigated a discovery dispute, underwent claim construction for four patents, and briefed claim
18 construction on the remaining five patents"); *Cypress Semiconductor Corp. v. GSI Tech., Inc.*, No.
19 13-CV-02013-JST, 2014 WL 5021100, at *2 (N.D. Cal. Oct. 7, 2014) (finding factor supported
20 stay where "the Court has not set dates for the close of fact or expert discovery, no depositions
21 have been taken or scheduled, little expert discovery has been conducted, claim construction has
22 only occurred with respect to the patents that are *not* the subject of this motion, and no dispositive
23 motions have been scheduled or heard").

24       Therefore, the Court finds that this case is in its early stages and this factor weighs in favor
25 of a stay.

27       **B.**     **Simplification of the Issues and Trial of the Case**
28       The next factor asks the Court to examine whether and to what degree a stay will simplify

the litigation. *PersonalWeb Techs., LLC v. Facebook, Inc.*, Nos. 13-cv-1356-EJD; 13-cv-1358-EJD; 13-cv-1359-EJD, 2014 WL 116340, at *4 (N.D. Cal. Jan. 13, 2014); *see also Cypress*, No. 13-cv-02013-JST, 2014 WL 5021100, at *3 (N.D. Cal. Oct. 7, 2014) (weighing in favor of a stay where all patents asserted were covered by the IPR). An IPR need not resolve all claims in order to simplify the Court's consideration of that patent. *See Rothschild Storage Retrieval Innovations, LLC v. Sony Mobile Commc'ns (U.S.A), Inc.*, No. 15-cv-00234-EDL, 2015 WL 13333678, at *3 (N.D. Cal. May 6, 2015) ("[T]he issue is simplification, not elimination."); *see also IXI Mobile (R & D) Ltd. v. Samsung Elecs. Co. Ltd.*, No. 15-CV-03752-HSG, 2015 WL 7015415, at *3 (N.D. Cal. Nov. 12, 2015).

Here, the PTAB has instituted IPRs covering all asserted claims of the '564, '565, '215, '945, and '026 patents, and it is still determining whether to institute proceedings as to the '742 patent. ECF No. 121 at 10. The '995 claims have already been found unpatentable. *Id.* However, "there are not PTAB proceedings pending on" the '996 and '774 patents.[2] *Id.* at 17. Jenam contends that "courts regularly deny motions to stay where IPRs were instituted on only a portion of the claims asserted" and in this case, the two patents that are not subject to IPR proceedings represent "nearly 40% of the asserted claims." ECF No. 126 at 10. Google argues a stay "will streamline the litigation and avoid inconsistent rulings" because "there are substantial similarities in both disputed claim terms and features across all nine asserted patents—including the two patents not before the PTAB." ECF No. 131 at 6. At a minimum, Google claims that the construction disputes "regarding the meaning of the 'no packet' and 'to keep the TCP-variant connection alive' terms" would apply to the '996 and '774 patents. *Id.* at 15.

Courts in this district have granted stays even when the IPR proceedings at issue do not address all the asserted claims or patents. *See, e.g.*, *Evolutionary Intelligence LLC v. Livingsocial, Inc.*, No. 13-CV-04205-WHO, 2014 WL 2735185, at *2 (N.D. Cal. June 16, 2014) ("it is of no moment that not all of the asserted claims of the . . . patent are subject to the IPR"); *Finjan, Inc. v. FireEye, Inc.*, No. C 13-03133 SBA, 2014 WL 2465267, at *4 (N.D. Cal. June 2, 2014) ("When

---

[2] The PTAB will decide whether to institute the pending '742 PGR petition by June 15, 2022. ECF No. 121 at 10.

4

there are overlapping issues between the reexamined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted."). This is because "[e]ven if the IPR proceeding does not result in any cancelled or modified claims, this court will receive the benefit of the PT[AB]'s expertise and guidance on these claims." *Evolutionary Intelligence, LLC v. Millenial Media, Inc.*, No. 5:13-CV-04206-EJD, 2014 WL 2738501, at *4 (N.D. Cal. June 11, 2014).[3]

Here, it is undisputed that resolution of the petitions under review has significant potential to simplify the litigation. The PTAB may cancel all the asserted claims of one or more patents, thereby mooting claims within this case. In fact, the PTAB has already invalidated all asserted '995 patent claims. Further, "[e]ven if the PTAB affirms the validity of every asserted claim, which is highly unlikely given the new higher standard for instituting IPR, these cases would still benefit as such a strong showing would assist in streamlining the presentation of evidence and benefit the trier of fact by providing the expert opinion of the PTO." *PersonalWeb Techs.*, 2014 WL 116340, at *4. In short, there is a high likelihood that a stay will simplify the litigation as to the five patents under IPR and the single patent on appeal.

Overlapping issues between the reexamined and non-reexamined patents also weigh in favor of a stay. Google asserts that "[a]ll nine of the patents are related, share substantially the same specification, and claim priority to the same original patent application." ECF No. 121 at 17. In fact, Google goes on to say, "the Patent Office itself has recognized that all nine patents are closely related – all of the patents-in-suit were initially rejected by the Patent Examiner on double patenting grounds and were only allowed subject to terminal disclaimers." *Id.* Jenam appears to concede these facts. *See* ECF No. 126 at 11-12 ("that the patents in suit share a common specification, priority date and are subject to terminal disclaimers does not prove that Google will achieve the same result" it achieved in the '995 IPR). Therefore, "while not all the claims-at-issue

---

[3] Jenam's citation to this Court's decision in *GoPro, Inc.*, 2017 WL 2591268, at *4 does not support its position. In *GoPro*, the Court denied a stay where no IPR had yet been instituted and stated that "if IPR proceedings are instituted the potential for simplification of the issues would increase." *Id.* Here, IPR proceedings have already been instituted for five of the at-issue patents in this case. ECF No. 121 at 9.

1    are subject to *inter partes* review, the issues and trial of the case will be simplified after the PTAB

2    issues its final written decisions." *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022,

3    1028 (N.D. Cal. Sept. 24, 2014).

### C.  Prejudice and Disadvantage

The last factor is "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *TPK Touch Solutions, Inc. v. Wintek Electro-Oprics Corp.*, No. 13-cv-2218-JST, 2013 WL 6021324, at *4 (N.D. Cal. Nov. 13, 2013). In weighing the prejudice to the non-moving party, courts consider four sub-factors: "(1) the timing of the petition for review; (2) the timing of the request for the stay; (3) the status of review proceedings; and (4) the relationship of the parties." *Cypress*, 2014 WL 5021100, at *3. "Speculation that evidence will be lost, without more, is insufficient to demonstrate undue prejudice." *Evolutionary Intelligence*, 2014 WL 2738501, at *6; *see also Software Rights Archive, LLC v. Facebook, Inc.*, No. C-12-3970 RMW, 2013 WL 5225522, at *5 (N.D. Cal. Sept. 17, 2013) ("Delay alone, without specific examples of prejudice resulting therefrom, is insufficient to establish *undue* prejudice.").

On balance, the subfactors favor a stay. The parties are not direct competitors, and Jenam is a non-practicing entity. *See Bonutti Skeletal Innovations, L.L.C. v. Zimmer Holdings, Inc.*, Nos. 12-cv-1107 (GMS); 12-cv-1109 (GMS); 12-cv-1110 (GMS), 2014 WL 1369721, at *4 (D. Del. Apr. 7, 2014) ("The relationship between the parties is no impediment to a stay . . . where the plaintiff is a non-practicing entity."). Further, Google filed its initial motion to stay only seven business days after the PTAB instituted the first round of IPRs on the '564, '565, and '215 patents, and one month after the PTAB issued a final written decision finding all '995 claims unpatentable. ECF No. 121 at 20. Google filed this renewed motion to stay seven days after the cases were transferred to this Court and consolidated. *Id.* None of these facts suggest that Google acted in an unreasonable manner. *See Uniloc USA Inc.*, 2019 WL 1905161, at *6 (holding that it was reasonable for the defendant to file it stay motion within three weeks of the court's order on consolidation).

In addition, the IPR requests were all filed within the one-year statutory limit. "Because [Google] was statutorily entitled to file its IPR petitions at any point within the one-year

limitations period, the Court does not find that its decision to do so at the close of that period demonstrates undue delay." *Masimo Corp. v. Wireless*, No. 19-CV-01100-BAS-NLS, 2021 WL 321481, at *4 (S.D. Cal. Feb. 1, 2021) (citations omitted); *see also SAGE*, 2015 WL 66415, at *3 ("Delay alone [within the statutory deadline] does not usually constitute undue prejudice because 'parties having protection under the patent statutory framework may not complain of the rights afforded to others by that same statutory framework.'" (quoting *KLA–Tencor Corp. v. Nanometrics, Inc.,* No. 05–cv–03116–JSW, 2006 WL 708661, at *3 (N.D.Cal. Mar. 16, 2006)). Reexamination was not sought "on the eve of trial or after protracted discovery." *Finjan*, 2014 WL 2465267, at *3. Although Jenam claims that Google "could have acted more expeditiously, there is no support for the contention that [Google] unduly delayed its filing of the IPR petitions." *SAGE*, 2015 WL 66415, at *3.[4]

Finally, the IPR proceedings are in the early stages. Jenam argues that the stay could last up to three years due to the IPR process, potential appeals, and requests for rehearing. ECF No. 126 at 18-19. If litigation were delayed another three years, Jenam worries that it may become challenging to prove its case because witness memories may fade. *Id.* Jenam also contends that it will be prejudiced by further delay because the patent property is a "wasting asset" during the patent dispute. *Id.* at 19. However, "[c]ourts have repeatedly found no undue prejudice unless the patentee makes a specific showing of prejudice beyond the delay necessarily inherent in any stay," and thus, the "delay inherent in the reexamination process does not constitute, by itself, undue prejudice." *PersonalWeb Techs.*, 69 F. Supp. 3d at 1029 (internal citations and quotation marks omitted).

Jenam's prejudice argument is further weakened by its unexplained decision to "wait[] multiple years to assert its patent claims." ECF No. 121 at 20; ECF No. 131 at 18; *Evolutionary*

---

[4] Jenam characterizes Google's litigation thus far as "gamesmanship," noting how it "engaged in protracted venue discovery, stonewalling Jenam's attempts to get meaningful discovery." ECF No. 126 at 20. But "this 'delay' was due in large part to [Jenam's] decision to file this case in the [Western] District of Texas—a forum with little, if any connection to the parties or this dispute." *Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 WL 3107447, at *6 (N.D. Cal. July 3, 2014); *see also* ECF No. 103 at 15 ("there is nothing that ties this case to the Western District of Texas"). That Google's motion to transfer venue to a more convenient location was granted further undermines Jenam's claims of gamesmanship.

7

*Intel., LLC v. Sprint Nextel Corp.*, Nos. C-13-4513; C-13-4201; C-13-4204; C-13-4205; C-13-4206; C-13-4207; C-13-3587, 2014 WL 4802426, at *5 (N.D. Cal. Sept. 26, 2014) ("Given that [plaintiff] waited multiple years to assert its patent claims, [plaintiff's] concerns that a seven to thirteen month stay would cause undue prejudice ring hollow."); *see also VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("We also note that VA, for some unexplained reason, waited nearly a year after the '413 patent issued before it filed suit against Defendants. These facts weigh against VA's claims that it will be unduly prejudiced by a stay.").

Therefore, the Court finds that Jenam has not demonstrated that a stay will cause undue prejudice or present a clear tactical disadvantage.

## CONCLUSION

For the foregoing reasons, the Court grants Google's motion to stay the case pending the resolution of the IPR petitions described above. All pending deadlines are stayed. Within seven days of each of the written final decisions in the IPRs, the parties are ordered to file a joint case management statement apprising the court of the PTAB's decision and requesting such further relief as may be appropriate. The parties must also file a joint case management statement after the Federal Circuit determines Jenam's appeal regarding PTAB's decision on the '995 patent.

**IT IS SO ORDERED.**

Dated: March 28, 2022

JON S. TIGAR
United States District Judge